UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROGER CARBONNEAU; and LUCY
CARBONNEAU,

    Plaintiffs,

v.                                        Case No. 6:17-cv-1204-Orl-37KRS

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

In the instant action, Plaintiffs sue the Government under the Federal Tort Claims Act ("**FTCA**"). (Doc. 1.) In addition, Plaintiff Lucy Carbonneau ("**Mrs. Carbonneau**") asserts a loss of consortium claim. (Doc. 1, ¶ 27.) On September 5, 2017, the Government moved for dismissal of Mrs. Carbonneau's consortium claim under Federal Rule of Civil Procedure 12(b)(1). (Doc. 11 ("**MTD**").) Pursuant to Local Rule 3.01(b), Mrs. Carbonneau's response to the MTD was due on or before **September 19, 2017**; to date, Mrs. Carbonneau has not responded to the MTD.

Ordinarily, the Court grants unopposed motions to dismiss as a matter of course—albeit without prejudice. The FTCA's procedural rules require a different result here. For the following reasons, Mrs. Carbonneau's claim is due to be dismissed with prejudice.

"The FTCA is a specific, congressional exception" to the United States' sovereign immunity for tort claims, under which the Government may "be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the

-1-

government." *Suarez v. United States* 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam). But this waiver "must be scrupulously observed, and not expanded by the courts." *Id.*

A federal court "'may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.'" *Motta ex rel. A.M v. United States*, 717 F.3d 840, (11th Cir. 2013) (quoting *Suarez*, 22 F.3d at 1065). A claim is deemed filed when the federal agency receives a claimant's signed Standard Form 95 ("**SF 95**") "or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2. Each claim and each claimant must meet the FTCA's "prerequisites for maintaining suit against the government." *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006).

The Government contends that Mrs. Carbonneau failed to submit the requisite administrative claim. (Doc. 11, p. 5.) In support, the Government attaches an executed SF 95 signed only by Plaintiff Roger Carbonneau ("**Mr. Carbonneau**"). (Doc. 15.) Further, the SF 95 reflects that Mr. Carbonneau asserted a claim only on behalf of himself. (*Id.* at 3.) Indeed, Mrs. Carbonneau is listed as a witness on the SF 95. (*Id.*) Because Mrs. Carbonneau has failed to exhaust her administrative remedies under the FTCA, the Court lacks subject matter jurisdiction over Mrs. Carbonneau's consortium claim. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Additionally, the time has long since passed for Mrs. Carbonneau to file an administrative claim to remedy the jurisdictional defects. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the

appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A claim accrues at the time of the injury. *See Davis v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999). Here, the SF 95 provides irrefutable evidence that Mrs. Carbonneau's claim accrued, at the latest, on November 26, 2014—when Mr. Carbonneau signed the SF 95. (*See* Doc. 15, p. 3.) As Mrs. Carbonneau asserted her claim more than two years after it accrued, she has failed to present it within the time provided under the FTCA; hence it is due to be dismissed with prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion to Dismiss Plaintiff Lucy Carbonneau's [Claim] (Doc. 11) is **GRANTED.**

2. Plaintiff Lucy Carbonneau's claim (Doc. 1, ¶ 27) is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 26, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record